GARY M. RESTAINO
United States Attorney
District of Arizona
ERICA L. SEGER
Assistant U.S. Attorney
AZ State Bar No. 022681
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: erica.seger@usdoj.gov
Attorneys for Plaintiff

☒ FILED   ☐ LODGED
**May 06 2022**
CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| United States of America, | CR21-00880-TUC-JAS (LCK) |
|---|---|
| Plaintiff, | Plea Agreement |
| vs. | |
| Michael Adrian Rodriguez, | |
| Defendant. | |

The United States of America and the defendant, MICHAEL ADRIAN RODRIGUEZ, agree to the following disposition of this matter:

PLEA

The defendant agrees to plead guilty to Count 2 the Indictment, charging the defendant with a violation of Title 18, United States Code, Sections 554, Smuggling Goods from the United States, a felony offense. The remaining counts in the Indictment will be dismissed at sentencing.

STIPULATIONS, TERMS AND AGREEMENTS

The defendant understands the guilty plea is conditioned upon the following terms, stipulations, and requirements:

## Maximum Penalties

The defendant understands and agrees that the maximum penalty for the offense to which he is pleading are a fine of $250,000, a maximum term of ten (10) years imprisonment, or both, and a maximum term of three (3) years supervised release.

The defendant agrees to pay a fine unless the defendant establishes the applicability of the exceptions contained in § 5E1.2(e) of the Sentencing Guidelines.

Special Assessment: The defendant understands that in accordance with Title 18, United States Code, Section 3013, upon entry of judgment of conviction, there shall be assessed a $100.00 special assessment for each felony count.

## Immigration consequences

The defendant recognizes that pleading guilty may have consequences with respect to his immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which the defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the district court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is the defendant's automatic removal from the United States.

## Agreement Regarding Sentencing:

Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties agree that the below stipulated sentencing ranges, based on the defendant's criminal history (CH), are an appropriate disposition of this case:

(1) 37 - 57 months imprisonment if the defendant is in CH category I;

(2) 41 - 63 months imprisonment if the defendant is in CH category II;

(3) 46 - 71 months imprisonment if the defendant is in CH category III;

(4) 57 - 87 months imprisonment if the defendant is in CH category IV;

(5) 70 - 105 months imprisonment if the defendant is in CH category V;

(6) 77 - 115 months imprisonment if the defendant is in CH category VI.

The above stipulated sentencing ranges are based on U.S.S.G. § 2M5.2:

| | |
|---|---:|
| Base Offense Level (§ 2M5.2) | 26 |
| § 5K2.0 | +0/-2 |
| Acceptance (§ 3E1.1(a) & (b)) | -3 |
| Total Adjusted Offense Level | 23/21 |

The defendant may withdraw from the plea agreement if he receives a sentence in excess of the stipulated sentencing range based upon the Probation Department's calculation of the defendant's criminal history score and category.

The defendant understands and agrees that this plea agreement contains all the terms, conditions and stipulations regarding sentencing. If the defendant requests or if the Court authorizes any reduction of sentence, either by departure or variance, not specifically agreed to in writing by the parties, the government may withdraw from the plea agreement.

If the Court departs from the terms and conditions set forth in this plea agreement, either party may withdraw.

If the Court, after reviewing this plea agreement, concludes any provision is inappropriate, it may reject the plea agreement and allow the defendant an opportunity to withdraw the defendant's guilty plea, all pursuant to Rule 11(c)(5) and Rule 11(d)(2)(A), Fed. R. Crim. P.

The defendant understands that if the defendant violates any of the conditions of the defendant's supervised release, the supervised release may be revoked. Upon such revocation, notwithstanding any other provision of this agreement, the defendant may be

required to serve an additional term of imprisonment or the defendant's sentence may otherwise be altered.

The defendant and the government agree that this agreement does not in any manner restrict the actions of the government in any other district or bind any other United States Attorney's Office.

### Disclosure of Information to U.S. Probation:

The defendant understands the government's obligation to provide all information in its file regarding the defendant to the United States Probation Office.

The defendant understands and agrees to cooperate fully with the United States Probation Office in providing:

    a. All criminal history information, i.e., all criminal convictions as defined under the Sentencing Guidelines.

    b. All financial information, i.e., present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

    c. All history of drug and alcohol abuse which would warrant a treatment condition as part of sentencing.

    d. All history of mental illness or conditions which would warrant a treatment condition as part of sentencing.

### Reinstitution of Prosecution:

If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed by any court in a later proceeding, the government will be free to prosecute the defendant for all charges as to which it has knowledge, and any charges that have been dismissed because of this plea agreement will be automatically reinstated. In such event, the defendant waives any objections, motions, or defenses based upon the Speedy Trial Act or the Sixth Amendment to the Constitution as to the delay occasioned by the later proceedings.

### AGREEMENT AS TO FORFEITURE

    a.    Defendant, Michael Adrian Rodriguez, knowingly and voluntarily agrees to

4

forfeit all right, title and interest in One (1) DC Industries, model NDS-3, 7.62 x 39 caliber rifle, bearing serial number 3007676 and in One (1) Century Arms International, model C39V2, 7.62 x 39 caliber rifle, bearing serial number C39V2A10685.

    b.    Defendant admits that he exported:

        1)    One (1) M+M LLC, model M10 7.62 x 39 caliber rifle, serial number MA-28815-19RO

        2)    One (1) Century Arms International, model VSKA, 7.62 x 39 caliber rifle, serial number SV7013625

        3)    Two (2) Romarm/Cugir, model RH10, 7.62 x 39 caliber rifles, serial numbers MA-28515-19 and MA-28639-19

        4)    One (1) Century Arms International, model VSKA, 7.62 x 39 caliber rifle, serial number SV7014329

        5)    One (1) Century Arms International, model VSKA, 7.62 x 39 caliber rifle, serial number SV7013264

        6)    Two (2) Pioneer Arms Corporation, model Sporter, 7.62 x 39 caliber rifles, serial numbers PAC1126559 and PAC1126825

        7)    One (1) Century Arms International, model VSKA, 7.62 x 39 caliber rifle, serial number SV7004938

        8)    Two (2) Pioneer Arms Corporation, model Hellpup, 7.62 x 39 caliber pistols, serial numbers PAC1130256 and PAC1130275

        9)    One (1) Century Arms International, model VSKA, 7.62 x 39 caliber rifle, serial number SV7017644

        10)    One (1) Pioneer Arms Corporation, model AK-47 Polish, 7.62 x 39 caliber rifle, serial number PAC1132131

        11)    One (1) Romarm/Cugir, model WASR-10, 7.62 x 39 caliber rifle, serial number A1-73948-20

12) One (1) Zastava, model Z-PAP M70, 7.62 x 39 caliber rifle, serial number Z70-065217

13) One (1) Romarm/Cugir, model WASR-10, 7.62 x 39 caliber rifle, serial number A1-74221-20

14) One (1) Pioneer Arms Corporation, model Hellpup, 7.62 x 39 caliber pistols, serial number PAC1134369

15) One (1) Pioneer Arms Corporation, model Hellpup, 7.62 x 39 caliber pistols, serial numbers PAC1133676

16) One (1) Romarm/Cugir DRACO, model HG1916-N, 7.62 x 39 caliber pistol, serial number DR-0065-10

17) One Century Arms International C39V2 7.62 x 39 caliber rifle, serial number C39V2A54958

18) One (1) Century Arms International model VSKA, 7.62 x 39 caliber rifle, serial number SV7002905

19) One (1) Century Arms International, model C39V2, 7.62 x 39 caliber rifle, serial number C39V2A54958

20) One (1) DC Industries, model NDS-3, 7.62 x 39 caliber rifle, serial number 3007676

21) One (1) Century Arms International, model C39V2, 7.62 x 39 caliber rifle, serial number C39V2A10685

22) • Three (3) 7.62 x 33 caliber magazines

in violation of Title 18, United States Code, Section 554, which have a total value of $15,352.33.

b. The defendant further admits that the above-referenced firearms, ammunition, and magazines represent property involved in the commission of the offense, and are therefore forfeitable pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c).

c.  The defendant admits that the assets have been transferred, sold to, or deposited with a third party, or placed beyond the jurisdiction of the court and are no longer available for forfeiture as described in Title 21, United States Code, Section 853(p)(1).b.

d.  The defendant knowingly and voluntarily agrees to the entry of a substitute assets judgment and agrees to pay and forfeit the amount of $15,352.33 in United States currency, as a substitute asset in lieu of, and in satisfaction of, the forfeiture of the firearms and ammunition, as authorized by Title 21, United States Code, Section 853(p)(2), as incorporated by Title 28, United States Code, Section 2461(c).

e.  The defendant agrees to pay the money judgment via a cashier's checks in consecutive monthly installments, made payable to the United States Marshals Service, Sandra O'Connor Courthouse, Suite 270, Attention: AFD, 401 W. Washington St., SPC-64, Phoenix, Arizona 85003-2159.

f.  In the event that the defendant does not remit the cashier's checks totaling the amount of $15,352.33 in United States currency to the government, the defendant knowingly and voluntarily agrees, that pursuant to Tile 21, United States Code, Section 853(p), the United States will seek forfeiture of any other property of said defendant, up to the value of the firearms and ammunition, that is $15,352.33 in United States currency, including but not limited to all property, both real and personal, owned by the defendant.

g.  The defendant acknowledges that failure to pay on or satisfy the $15,352.33 in United States currency judgment could allow for referral of the debt to the United States Department of Treasury for the purpose of collecting debts through the Treasury Offset Program. Under this program, the Department of Treasury will reduce or withhold any eligible Federal payments by the amount of the debt. This "offset" process is authorized by the Debt Collection Act of 1982, as amended by the Debt Collection Improvement Act of 1996 and the Internal Revenue Code.

h. The defendant knowingly and voluntarily agrees to consent to the entry of orders of forfeiture for the firearms and ammunition, or any assets that are related to satisfying the $15,352.33 in United States currency, or any other assets, or seized property that are related to satisfying the forfeiture, covered by this agreement. The defendant waives the requirements of Federal Rules of Criminal Procedure, Rule 32.2 regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

i. The defendant knowingly and voluntarily agrees to waive all interest in the firearms and ammunition or other property that may be seized, in any administrative, civil or criminal judicial proceeding, whether state or federal, which may be initiated.

j. Defendant knowingly and voluntarily agrees not to pursue any filed claims, and to waive all interest in the assets listed above, in any administrative, civil or criminal judicial proceeding, whether state or federal, which may be initiated.

k. Defendant knowingly and voluntarily agrees to consent to the entry of orders of forfeiture for the forfeitable asset(s) and waives the requirements of Federal Rules of Criminal Procedure, Rule 32.2 regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

l. The defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise him of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time his/her guilty plea is accepted.

m. Defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, any jeopardy defense or claim of double jeopardy, or any other means), and knowingly and voluntarily agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of

excessive fine or punishment, to any forfeiture carried out in accordance with this plea agreement on any grounds.

n. Defendant warrants that he is the owner or has an interest in the property listed above, and knowingly and voluntarily agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of the above-listed asset covered by this agreement.

o. Defendant knowingly and voluntarily agrees and understands the forfeiture of the assets listed above shall not be treated as satisfaction of any assessment, fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to the forfeiture.

p. The defendant knowingly and voluntarily agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with any seizure or forfeiture of the assets, or forfeiture of any other property that is related to satisfying the $15,352.33 in United States currency, covered by this agreement.

q. The defendant knowingly and voluntarily agrees and understands that the forfeiture of the assets carried out in accordance with this plea agreement including any payment made by the defendant to satisfy the $15,352.33 in United States currency, shall not be treated as satisfaction of any assessment, fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to the forfeiture.

r. Defendant agrees that the forfeiture provisions of this agreement are intended to, and will, survive him, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if defendant had survived, and that determination shall be binding on defendant's heirs, successors, and assigns until the agreed forfeiture is collected in full.

s. Defendant shall receive credit for payments made by other co-defendants in this case, which amount shall not exceed $15,352.33.

### Waiver of Defenses and Appeal Rights:

The defendant waives any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the information or indictment, or to the petition to revoke, or to the Court's entry of judgment against the defendant and imposition of sentence upon the defendant providing the sentence is consistent with this agreement. The defendant further waives: (1) any right to appeal the Court's entry of judgment against the defendant; (2) any right to appeal the imposition of sentence upon the defendant under Title 18, United States Code, Section 3742 (sentence appeals); and (3) any right to collaterally attack the defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack. The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his conviction or sentence in this case. If the defendant files a notice of appeal or a habeas petition, notwithstanding this agreement, the defendant agrees that this case shall, upon motion of the government, be remanded to the district court to determine whether the defendant is in breach of this agreement and, if so, to permit the government to withdraw from the plea agreement. This waiver shall not be construed to bar a claim by the defendant of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)) or a claim by the defendant of ineffective assistance of counsel.

### Plea Addendum:

This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in separate documents and may be filed with the Court under seal. Accordingly, additional agreements, if any, may not be in the public record.

## WAIVER OF DEFENDANT'S RIGHTS AND FACTUAL BASIS

### Waiver of Rights:

I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions. I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I will be giving up my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination -- all with the assistance of counsel -- and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence.

My guilty plea is not the result of force, threats, assurances or promises other than the promises contained in this agreement. I agree to the provisions of this agreement as a voluntary act on my part, rather than at the direction of or because of the recommendation of any other person, and I agree to be bound according to its provisions.

I fully understand that, if I am granted probation or placed on supervised release by the court, the terms and conditions of such probation/supervised release are subject to modification at any time. I further understand that, if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve an additional term of imprisonment or my sentence may otherwise be altered. I agree that any Guidelines Range referred to herein or discussed with my attorney is not binding on the court and is merely an estimate.

11

I agree that this written plea agreement contains all the terms and conditions of my plea and that promises made by anyone (including my attorney), and specifically any predictions as to the guideline range applicable, that are not contained within this written plea agreement are without force and effect and are null and void.

I am satisfied that my defense attorney has represented me in a competent manner.

I am fully capable of understanding the terms and conditions of this plea agreement. I am not now on or under the influence of any drug, medication, liquor, or other intoxicant or depressant, which would impair my ability to fully understand the terms and conditions of this plea agreement.

## ELEMENTS OF THE CRIME

The essential elements of Smuggling Good from the United States are that:

(1) The defendant received, concealed, bought, sold, or facilitated the transportation, concealment, or sale of merchandise, an article, or an object

(2) Prior to exportation

(3) Knowing the goods were intended for exportation contrary to any law or regulation of the United States.

### Factual Basis:

I agree that the following facts accurately describe my conduct in connection with the offense to which I am pleading guilty; and, that if this matter were to proceed to trial, the government could prove the elements of the offense beyond a reasonable doubt based on the following facts:

On May 26, 2020, ATF agents received notification of multiple firearms recovered in Mexico during April 2020. Three of these firearms were recovered on April 2, 2020, five days after MICHAEL ADRIAN RODRIGUEZ purchased them from two different Phoenix-based FFLs. A review of the recovery information led agents to obtain copies of ATF Form 4473s. A review of ATF Form 4473s revealed the following:

On November 20, 2019, MICHAEL ADRIAN RODRIGUEZ acquired a M&M LLC, model M10, 7.62x39mm rifle, serial number MA2881519RO and a Century Arms, model

VSKA, 7.62x39mm rifle, serial number SV7013625 from Ammo A-Z, an FFL located at 2005 W. Deer Valley Road Ste. 103 in Phoenix, Arizona. The Century Arms was recovered in Mexico on April 30, 2020.

On January 7, 2020, MICHAEL ADRIAN RODRIGUEZ purchased one (1) Century Arms International, model VSKA, 7.62 x 39 caliber rifle, serial number SV7013264 from Second Amendment Sports for $625.02.

On January 7, 2020, MICHAEL ADRIAN RODRIGUEZ purchased two (2) Pioneer Arms Corp. model Sporter, 7.62 x 39 caliber rifles, serial numbers PAC1126559 and PAC1126825 for $1,122.54 from SnG Tactical.

On March 28, 2020, MICHAEL ADRIAN RODRIGUEZ purchased one (1) Pioneer Arms Corporation, model AK-47 Polish, 7.62 x 39 caliber rifle, serial number PAC1132131, one (1) Romarm/Cugir, model WASR-10, 7.62 x 39 caliber rifle, serial number A1-73948-20 and one (1) Zastava, model Z-PAP M70, 7.62 x. 39 caliber rifle, serial number Z70-065217 from Ammo A-Z/Zeus Arms, an FFL located at 2005 W Deer Valley Road Ste103 in Phoenix, Arizona. The Century Arms and Zastava were recovered in Mexico on April 2, 2020.

On March 28, 2020, MICHAEL ADRIAN RODRIGUEZ acquired one (1) Romarm/Cugir, model WASR-10, 7.62 x 39 caliber rifle, serial number A1-74221-20 from Merchant Firearms LLC for $733.04 with from MF LLC, an FFL located at 4647 East Chandler Boulevard Ste. 3-4 in Phoenix, Arizona. This firearm is an AK-type firearm and is considered a weapon of choice. The Century Arms was recovered in Mexico on April 2, 2020.

On June 17, 2020, MICHAEL ADRIAN RODRIGUEZ purchased one (1) Romarm/Cugir DRACO, model HG1916-N, 7.62 x 39 caliber pistol, serial number DR-0065-10 for $850.00 through a private sale

On June 18, 2020, MICHAEL ADRIAN RODRIGUEZ acquired a Century Arms, model C39V2A, 7.62x39mm rifle, serial number C39V2A59697 from SnG Tactical, an FFL located at 3441 South Palo Verde Road in Tucson, Arizona. Michael RODRIGUEZ paid $811.67 cash for the firearm. A review of the surveillance footage at the FFL revealed Luis TERMINEL transported RODRIGUEZ to the FFL. During the transaction at the FFL, TERMINEL was utilizing his cell phone. TERMINEL and RODRIGUEZ later departed the FFL with the firearm in TERMINEL's vehicle.

On June 23, 2020, ATF executed a federal search warrant at the residence of MICHAEL ADRIAN RODRIGUEZ. During the search, SAs interviewed RODRIGUEZ who admitted to straw purchasing firearms for TERMINEL. RODRIGUEZ stated that all firearms he has

13

purchased from FFLs were immediately given to TERMINEL. RODRIGUEZ also stated TERMINEL provided him the cash for and transported him to many of the FFLs to conduct these purchases. RODRIGUEZ consented to a search of his phone and showed agents specific conversation with TERMINEL and elaborated on the meaning of the conversation describing it as straw purchasing of firearms for the purpose of trafficking them to Mexico.

All of the firearms and magazines listed in Count 2 of the indictment were purchased by MICHAEL ADRIAN RODRIGUEZ or a co-defendant with the intent that the firearms and magazines be exported to Mexico.

ATF records indicate that neither RODRIGUEZ nor any of the co-defendants possess a federal firearms license to engage in the business of importing, manufacturing, or dealing in firearms, or to ship, transport, or receive any firearm in interstate or foreign commerce in the course of such business. Further, the exportation of the firearms and magazines was contrary to the laws and regulations of the United States, to wit: for offenses prior to March 9, 2020, Title 22, United States Code, Section 2778(b)(2) and (c), and Title 22, Code of Federal Regulations, Sections 121.1, 123.1, and 127.1, and, for offenses on or after March 9, 2020, Title 50, United States Code, Section 4819, Title 15, Code of Federal Regulations, Part 774, and Title 15, Code of Federal Regulations, Part 738.

05-06-2022
Date

MICHAEL ADRIAN RODRIGUEZ
Defendant

### DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client, in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible and the defendant's waiver of his right to appeal. I have further discussed the sentencing guideline concept with the defendant. No assurances, promises, or representations have been given to me or to the defendant by the United States or by any of its representatives which are not contained in this written agreement.

I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

5/6/22
Date

BRADLEY ROACH, Esq.
Attorney for the defendant

GOVERNMENT'S APPROVAL

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

GARY M. RESTAINO
United States Attorney
District of Arizona

ERICA SEGER Digitally signed by ERICA SEGER
Date: 2022.02.03 08:33:17 -07'00'

Date

ERICA L. SEGER
Assistant U.S. Attorney

15